In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2989

Michael Henderson,

Petitioner,

v.

United States of America,

Respondent.

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 3:01 CV 50200--Philip G. Reinhard, Judge.

Submitted July 30, 2001--Decided August 29, 2001


  Before Flaum, Chief Judge, and Bauer and
Posner, Circuit Judges.

  Posner, Circuit Judge.  Henderson moves
us for leave to file a second motion
under 28 U.S.C. sec. 2255 attacking his
conviction and sentence. In United States
v. Evans, 224 F.3d 670 (7th Cir. 2000),
we held that a postconviction motion that
is functionally, substantively, a motion
under section 2255 (the federal
prisoner's habeas corpus substitute)
should be treated as such, even if
labeled differently (in that case, as a
motion under Rule 33 of the Federal Rules
of Criminal Procedure), for purposes of
determining whether a subsequent section
2255 motion should be deemed a successive
such motion; if so, our permission for it
to be filed in the district court is
required. 28 U.S.C. sec. 2244(b). We said
that in such a case the district court
should advise the mislabeling movant that
his motion may be deemed a section 2255
motion and give him a chance to withdraw
it. 224 F.3d at 675. But we did not
indicate what consequence would follow
if, as happened in the present case
(decided after Evans), the district court
had failed to advise. We now join the
courts which hold that in such a case the
mislabeled motion will not be deemed a
section 2255 motion. See United States v.
Kelly, 235 F.3d 1238, 1242 (10th Cir.
2000); Raineri v. United States, 233 F.3d
96, 100-01 (1st Cir. 2000); United States

v. Miller, 197 F.3d 644, 652 (3d Cir. 1999); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam). We are mindful that In re Tolliver, 97 F.3d 89 (5th Cir. 1996) (per curiam), applied section 2244(b) when the district court had over the prisoner's objection construed a prior pleading as a section 2255 motion; apparently it hadn't been labeled. But as pointed out in United States v. Miller, supra, 197 F.3d at 651, this was done without any discussion of the issue of notice considered in the line of cases that began later with Adams v. United States; as far as appears, no such issue had been raised in Tolliver.

Against the rule of Adams and the cases following it one might argue that while the outcome can be an equitable one--it avoids ambushing a prisoner who might have thought that his "Rule 33 motion" would not count--it could also be inequitable. The prisoner may have been crafty and selected the Rule 33 label to put one over on the court system and get to make two collateral attacks on the same underlying judgment. An even more serious problem is locating the authority for an equitable dispensation. If as Evans holds a Rule 33 motion is a collateral attack under section 2255 when it raises claims described in that section, why should poor or strategic labeling on a prisoner's part, or a slip up by the district judge, allow the prisoner to mount a second collateral attack without prior approval and without meeting the statutory standards for successive collateral attacks? There is no general equity escape hatch in the Antiterrorism and Effective Death Penalty Act, which overhauled federal postconviction challenges. Lack of full knowledge of the consequences of one's acts (for example, the consequence, for one's right to file a subsequent application for habeas corpus, of the initial application) is not a basis for waiving AEDPA's explicit requirements. Burris v. Parke, 130 F.3d 782, 783-84 (7th Cir. 1997); Alexander v. United States, 121 F.3d 312, 314 (7th Cir. 1997); Pratt v. United States, 129 F.3d 54, 58-59 (1st Cir. 1997); In re Medina, 109 F.3d 1556, 1561-62 (11th Cir. 1997); see also Felker v. Turpin, 518 U.S. 651 (1996). (But note the exception for mousetrapping that we carved in Burris v. Parke, 95 F.3d 465, 468-69 (7th Cir.

1996) (en banc).) In Burris, the initial application preceded the enactment of AEDPA, which changed the impact of such an application on the right to file successive applications. Yet we held in the 1997 decision that the initial application could not be ignored in applying the new statute's standards for successive applications.

But there is an important difference between cases like Burris and the present case. Henderson's first motion was not a section 2255 motion as such; it is deemed a section 2255 motion as a result of the rule adopted in Evans and other cases, such as Romandine v. United States, 206 F.3d 731, 734-35 (7th Cir. 2000); United States v. Woods, 169 F.3d 1077, 1079 (7th Cir. 1999); Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999); United States v. Williams, No. 00-3136, 2001 WL 238155 (D.C. Cir. Feb. 7, 2001) (per curiam); United States v. Rich, 141 F.3d 550, 551-52 (5th Cir. 1998); cf. Allen v. Massie, 236 F.3d 1243, 1244 (10th Cir. 2001) (per curiam). Nothing in AEDPA says that a motion not labeled as a section 2255 motion shall nevertheless be deemed one if it could have been so labeled accurately. This is a purely judge-made rule, and so its contours are up to the judges to draw. All we hold today, and all the cases that we have cited hold, is that we won't deem a Rule 33 (or other mislabeled motion) a section 2255 motion unless the movant has been warned about the consequences of his mistake. Cf. Moran v. Sondalle, 218 F.3d 647, 651 (7th Cir. 2000); Pischke v. Listcher, 178 F.3d 497, 500 (7th Cir. 1999); Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (per curiam).

No warning was given to Henderson that his Rule 33 motion might be deemed a section 2255 motion. So he is not required to obtain our permission to file such a motion, and  his motion for leave to file a second section 2255 motion is therefore dismissed as moot.