In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-2948

PAULA CARTER,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01 CV 235 WLB—**William L. Beatty**, *Judge.*

SUBMITTED OCTOBER 16, 2002—DECIDED NOVEMBER 19, 2002

Before BAUER, POSNER, and DIANE P. WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* Some months after her conviction of a federal offense became final, Paula Carter wrote a letter to the district judge claiming that she had been treated unjustly by everyone involved in her case, particularly her lawyer. Without notice to Carter and without asking for a response from the government, the district judge construed her letter as a motion under 28 U.S.C. § 2255 to vacate her criminal judgment, and denied it as barred by the one-year statute of limitations in that section. She appeals, citing our decision in *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001), which holds that although a postcon-

viction motion that is functionally a section 2255 motion should be treated as such however it is labeled, before doing so the district judge must notify the movant of what he intends to do, to give the movant a chance to withdraw the motion. For with limited exceptions the Antiterrorism and Effective Death Penalty Act, which governs collateral attacks on criminal judgments, gives a prisoner only one shot at postconviction review.

While acknowledging the district court's error, the government urges us to dismiss the appeal as moot. The judge's error cannot hurt Carter, the government argues, because *Henderson* makes clear that should she file a section 2255 motion it will not be deemed her second such motion, since the judge erred in treating her letter as a first such motion. In effect the government is urging us to follow the approach adopted by the First Circuit in *United States v. Raineri*, 233 F.3d 100 (1st Cir. 2000). But we think the better approach, the one taken in the other circuits to have addressed the question, *Morales v. United States*, 304 F.3d 764 (8th Cir. 2002); *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002); *United States v. Kelly*, 235 F.3d 1238 (10th Cir. 2000); *United States v. Seesing*, 234 F.3d 456 (9th Cir. 2000); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998) (per curiam), is to vacate the denial of a motion that is converted without the required notice and opportunity to withdraw to a motion under section 2255. For remember that a motion that is functionally a section 2255 motion *is* a section 2255 motion for purposes of AEDPA. Therefore, its denial, formally at least, blocks a second such motion, unless as in *Henderson* itself, where the appeal was from the denial of the second motion, which the district court had held blocked by its previous denial of the first motion (the one that had been converted), we treat the first denial as a nullity. In effect we allowed Henderson to take

a belated appeal from the improper denial of his first motion. It is clearer that he could have appealed from that first denial, an error potentially harmful to him, than that we should have allowed him to take in effect an untimely appeal from it. Untimely appeals are not authorized, and decisions founded on a legal error are ordinarily treated as erroneous rather than void. See generally *Gleash v. Yuswak*, 303 F.3d 758 (7th Cir. 2002). If a court enters judgment against a plaintiff, we do not say to him "don't bother us with an appeal; just file another suit, and if the court holds it barred by res judicata, we'll reverse." That is essentially what the First Circuit said to Raineri, and we decline to follow its lead.

The judgment of the district court is

VACATED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*