# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 02-2162

LEROY NOLAN,

*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 01 C 50393—**Philip G. Reinhard**, *Judge.*

———————

ARGUED JUNE 6, 2003—DECIDED FEBRUARY 18, 2004

———————

Before RIPPLE, KANNE, and DIANE P. WOOD, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Leroy Nolan is trying to pursue a motion under 28 U.S.C. § 2255, but he has been blocked at the doorway by the one-year statute of limitations that applies to such motions. He realizes that this is a formidable problem, which he can avoid only if this court is willing to find that the deadline has been equitably tolled in his case. Limitations periods to one side, he would like to show that he received constitutionally ineffective counsel and that he was improperly convicted of violating 18 U.S.C. § 924(c)(1), in light of the Supreme Court's decision in

*Bailey v. United States*, 516 U.S. 137 (1995). We conclude that, while equitable tolling is possible in a proper case, Nolan's is not that case, and we thus affirm the district court's finding that Nolan's claims are time-barred.

## I

In May 1994, Nolan and his co-defendant Michael Henderson were convicted of conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), and knowingly using a nine-millimeter firearm during a drug offense in violation of 18 U.S.C. § 924(c). Their convictions were affirmed on direct appeal to this court in June 1995, although Henderson's sentence was vacated and his case was remanded for a new sentencing hearing because of a problem with the district court's methodology in calculating drug quantity. *United States v. Henderson*, 58 F.3d 1145 (7th Cir. 1995). Nolan's lawyer did not challenge the district court's calculation of drug quantity for sentencing purposes.

In April 1997, nearly two years after the direct appeal was decided, the pair filed a joint motion for a new trial pursuant to FED. R. CRIM. P. 33, in which they alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The district court denied their motion one day later. In September 1997, while the joint appeal of their Rule 33 motion was pending before this court, Nolan wrote a letter to the district court, asking whether his pending Rule 33 appeal suspended the one-year limitations period for filing a motion for collateral relief under 28 U.S.C. § 2255. Nolan never received a response to his *ex parte* communication from the district court. On August 13, 1998, one year after Nolan wrote to the district court, this court summarily affirmed the lower

court's denial of his Rule 33 motion. *United States v. Michael Henderson*, No. 97-1998 (7th Cir. August 13, 1998) (unpublished order).

Three years later, in July 2001, Nolan sought leave from this court to file a successive § 2255 motion. Nolan's application was dismissed without prejudice because it was unclear whether any of his previous filings had been treated as a § 2255 motion. Shortly thereafter, this court issued an opinion that Henderson's earlier Rule 33 motion did not count as a prior collateral attack under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255, because the district court neither treated his Rule 33 motion as a motion under § 2255, nor did it inform Henderson that it was doing as much. *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001). In so ruling, we anticipated the Supreme Court's later decision in *Castro v. United States*, 124 S.Ct. 786 (2003), in which the Court held that a district court may not "convert" a filing into a § 2255 motion without first explaining its action to the petitioner, warning her of the consequences of such a recharacterization, and giving her an opportunity to withdraw the motion. The effect of our decision in *Henderson* was to establish that Henderson (and Nolan by parity of reasoning) did not need to follow the procedure outlined in § 2255 ¶ 8 for second or successive petitions. It did not address any other procedural requirements for § 2255 motions.

Two months later, in October 2001, Nolan filed a *pro se* § 2255 motion in the district court, in which he asserted claims of ineffective assistance of trial and appellate counsel, and actions inconsistent with the rules announced in *Bailey v. United States*, 516 U.S. 137 (1995), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court rejected Nolan's claims as untimely under § 2255; in the alternative, it rejected his arguments on the merits.

In August 2002, this court granted Nolan a certificate of appealability limited to the question "whether the statute of limitations should have been equitably tolled because, until the court decided *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001), he reasonably believed that his new trial motion, which the district court construed as a § 2255 motion without notice to Nolan, 'counted' as a prior collateral attack for purposes of § 2255 ¶ 8." The order granting the certificate of appealability further specified that Nolan had "made a substantial showing of the denial of a constitutional right as to his *Bailey* and ineffective assistance of counsel claims, but not his *Apprendi* claim." This cleared the way for the parties to brief the former two issues on appeal as well.

## II

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2255, added a one-year limitation period for pursuing relief under 28 U.S.C. § 2255. The period for filing such a motion begins to run

> from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6. Nolan concedes that his claims are not timely under any of the statutory options. Therefore, unless we are persuaded that the statute of limitations can and should be equitably tolled for his claims, they are time-barred.

We begin by addressing the confusion over whether a court has the power equitably to toll the statute of limitations for a § 2255 motion. The government argues that this remains an open question in our circuit. Although the cases have not been as clear as they might have been, a close reading shows that we have consistently held that "§ 2255's period of limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citing *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999)). Accord *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001). In fact, every circuit that has considered the issue has held that the one-year limitation period under § 2255 (and in some situations the comparable period in 28 U.S.C. § 2244(b) for § 2254 petitions) is a statute of limitations subject to equitable tolling. See *Dunlap v. United States*, 250 F.3d 1001, 1004 n.1 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001) (collecting cases); 3 CHARLES ALAN WRIGHT, NANCY J. KING, & SUSAN R. KLEIN, FEDERAL PRACTICE & PROCEDURE, § 597, at 321 (2003 Supp.). But see *United States v. Pollard*, 161 F. Supp. 2d 1, 12 (D.D.C. 2001) (finding that Congress did not intend to allow equitable tolling of § 2255 claims).

*Montenegro* is not to the contrary. There, we acknowledged again that "[b]ecause § 2255's tolling period is procedural, not jurisdictional, the period may be equitably tolled." 248 F.3d at 594. Only after that point was clear did

we note that the *scope* of equitable tolling is probably quite narrow: "[i]n *Taliani*, we noted that 'it is unclear what room remains for importing the judge-made doctrine of equitable tolling' into § 2244 claims, given the express tolling provisions incorporated in the statute. The same goes for § 2255, and we continue to decline to reach the issue." *Id.,* quoting *Taliani,* 189 F.3d at 598. The government reads this passage as questioning the overall applicability of the doctrine of equitable tolling to § 2255 motions.

In our view, the government has read too much into the *Montenegro* comment. Our recent decision in *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), illustrates this. In *Modrowski*, we refused equitably to toll the statute of limitations for a § 2254 petitioner whose attorney, because of mental incompetence, missed the filing deadline by one day. *Id.* at 968. Because the circumstances of that case would not have supported equitable tolling in any event, the panel reserved the question whether the statute of limitations for a state prisoner's § 2254 claim may ever be equitably tolled. *Id.* at 967 n.2. In passing on this question, the *Modrowski* court explicitly distinguished § 2254 and § 2255 petitions: "[w]e have held that the limitation period for motions under § 2255 is subject to equitable tolling, but we have never decided the question conclusively for § 2254 petitions." *Id.* (citations omitted). Nolan, a federal prisoner, is proceeding under § 2255. We therefore have no need here to speculate about why one either should or should not distinguish between the two types of petitions. Compare *Modrowski* (questioning tolling) with *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Tolling [for a § 2254 petitioner] may be available when some impediment of a variety not covered in § 2244(d)(1) prevents the filing of a federal collateral attack."). It is enough to reaffirm that this court recognizes the possibility of equitable tolling for § 2255 petitioners, and to proceed to decide whether Nolan is entitled to that relief.

## III

The answer, we conclude, is no. Equitable tolling is a remedy reserved for "[e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing." *Modrowski*, 322 F.3d at 967 (quoting *Marcello*, 212 F.3d at 1010). Equitable tolling of the statute of limitations is such exceptional relief that "we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Id.* (citing *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002)).

In making his equitable tolling argument, Nolan relies on a trio of cases that clarify the relation between properly labeled § 2255 motions, claims that could have been brought in a § 2255 motion but were instead pursued by different means, and the AEDPA statute of limitations. See *O'Connor v. United States*, 133 F.3d 548 (7th Cir. 1998); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000); *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001). In light of these decisions, Nolan urges that he could not have filed his § 2255 petition before *Henderson v. United States* was decided. Only then, in his view, was it finally clear that a petitioner in his situation could not be penalized for any shortcomings in the district court's treatment of his post-conviction filings.

But Nolan is asking for too much: why stop with *Henderson*, for example? The Supreme Court did not endorse *Henderson*'s approach until December 15, 2003, when it issued its opinion in *Castro.* When Nolan and Henderson filed their Rule 33 motions in April 1997, the one-year grace period available to all prisoners whose proceedings had ended before the April 1996 effective date of AEDPA was about to expire. See *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that the deadline under the grace period was April 24, 1997). Nolan chose then to file a Rule 33 motion, not a § 2255 application. From the point of view of

timeliness (as opposed to the "successive petitions" rule), he did so at his peril. Our decision in *O'Connor v. United States* (issued January 9, 1998) addressed the distinguishable situation of a prisoner who files a Rule 33 motion during the year after her conviction became final—that is, at a time when a § 2255 motion would also be permitted. Under those circumstances, we instructed the district courts first to ask the petitioner if she planned to raise any other issues in a § 2255 motion, and then to defer ruling on the Rule 33 motion so that the claim could be considered together with any other issues, in the event the petitioner sought to raise other claims in a separate § 2255 motion. *Id.* at 551. The virtue of this approach is that it avoids "fractur[ing] the case into slivers, jeopardiz[ing] the defendant's opportunity for one complete collateral attack, or both." *Id. O'Connor* also clarified that the one-year statute of limitations for § 2255 motions under AEDPA is not tolled pending resolution of any other post-trial motions that aim to upset a defendant's conviction. *Id.* at 551. ("Priority must now go to petitions under § 2255, for once the direct appeal ends the clock starts ticking."). In so holding, we distinguished a line of cases that included *United States v. Davis*, 604 F.2d 474 (7th Cir. 1979), on which district courts had previously relied to dismiss § 2255 motions that were filed when a defendant had other post-conviction motions pending. *Id.*

Even though any petition by Nolan would already have been seven months late by the time *O'Connor* was decided, from an equitable point of view *O'Connor* alerted him and comparable prisoners to test the waters then with a § 2255 motion accompanied by a request for equitable tolling. He was on notice by then of the fact that his Rule 33 motion did not stop the clock on any subsequent collateral attack under § 2255, even though *O'Connor* did not resolve the distinct question whether a Rule 33 motion should be treated as a "first" § 2255 motion. *Id.* at 549.

Several years later we held that "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255, and that the second (and all subsequent) of these requires appellate approval." *Evans*, 224 F.3d at 672. At the same time, recognizing the drastic consequences of filing the initial § 2255 motion, we held that the district courts had a duty to inform the moving party that her claim could and would be construed as a motion brought under § 2255. *Id.* at 674. Without this warning, an uninformed prisoner would not be able intelligently to decide whether to withdraw her motion or to add to it any other claims that she wished to present in a collateral attack. *Id.* Finally, *Henderson* confirmed that if a district court converts a petitioner's post-trial motion into a § 2255 motion without notifying the petitioner that her motion counts as her first § 2255 motion, then the petitioner's claim will not be treated as a § 2255 motion. 264 F.3d at 710, 711. See *Castro*, 124 S.Ct. at 792.

Nolan believes that a gap existed during the brief post-*O'Connor*, pre-*Evans* period, that redounds to his benefit. After *O'Connor,* he argues, the district court either did or should have treated his claim as a § 2255 motion. Assuming it had done so, it should also have informed Nolan that his motion had been converted. The biggest problem with Nolan's argument is the simple fact that the district court did not treat Nolan's Rule 33 motion as if it were a § 2255 motion. Nolan should have realized at the very latest after *O'Connor* was decided in 1998 that the AEDPA clock was ticking on his § 2255 motion while his Rule 33 motion was pending on appeal. Even if equitable tolling would have been appropriate at that point, however, Nolan waited another three years before he filed his § 2255 petition. It is impossible to know with certainty what would have happened if Nolan had filed his § 2255 motion within a reasonable time after *O'Connor* was released, but speculation is pointless at this late date. Nolan cannot now com-

plain that he is being denied the benefit of the rule that we announced in *Henderson*, because Nolan did not need *Henderson* to file a § 2255 motion.

As we have already noted, the equitable tolling of a statute of limitations is an extraordinary remedy reserved for truly exceptional situations. The excuses Nolan offers for why his claims were not timely filed fall far short of what is needed to justify tolling the statute of limitations on his behalf—indeed, they amount to little more than a disagreement with the express tolling provisions found in § 2255 ¶ 6(3), and thus are not the kind of case-specific, unanticipated circumstances we have required in the past. Because we find equitable tolling inappropriate in this case, we offer no opinion on the merits of Nolan's *Bailey* and ineffective assistance of counsel claims.

## IV

We AFFIRM the judgment of the district court dismissing Nolan's § 2255 motion.

A true Copy:

       Teste:

                        _____
                        *Clerk of the United States Court of*
                        *Appeals for the Seventh Circuit*