# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-1911

GILBERT W. PAVLOVSKY, JR.,

*Petitioner-Appellant*,

*v.*

JOHN R. VANNATTA,

*Respondent-Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:04cv189—**Philip P. Simon**, *Judge.*

_____

SUBMITTED AUGUST 26, 2005—DECIDED DECEMBER 16, 2005

_____


Before POSNER, MANION, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*. Pavlovsky, a state prisoner, filed a petition for habeas corpus, 28 U.S.C. § 2254, which the district judge dismissed as untimely, but without prejudice. Pavlovsky did not appeal, but three and a half years later he filed another petition for habeas corpus, which the district judge again denied as untimely, and this time Pavlovsky has appealed. The state argues that the district judge had no jurisdiction over the second petition, because a district court lacks jurisdiction over a second (or subsequent) petition for

habeas corpus unless the court of appeals has approved its filing in accordance with the criteria set forth in the last paragraph of section 2254 and the procedure prescribed by 7th Cir. R. 22.2(e). *United States v. Scott*, 414 F.3d 815, 817 (7th Cir. 2005); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997). This is true in general; but if the first petition was dismissed (or returned to the filer without even being accepted for filing, *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998)) because of a curable technical deficiency, as where the petition is filed prematurely or in the wrong district or without payment of the filing fee, so that the dismissal is not final and therefore "without prejudice," then it doesn't count as the first petition, *Slack v. McDaniel*, 529 U.S. 473, 489 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998), and the second petition becomes the first. *Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). The idea is that the prisoner is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding. *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001); *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002); *Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999). Once he has gotten that, basic principles of preclusion now applicable to habeas corpus as to conventional civil proceedings bar him from relitigating his case. Cf. *Lambert v. Blodgett*, 393 F.3d 943, 966 (9th Cir. 2004).

The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996); *Lebron-Rios v. U.S. Marshal Service*, 341 F.3d 7, 14 (1st Cir. 2003); *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1164 (1st Cir. 1991). Untimeliness is an affirmative defense, and if proved shows that the plaintiff has no right

of relief; and so if he fails to get the determination upset on appeal, it is final and binding. The government argues that we should modify the judgment in Pavlovsky's first habeas corpus proceeding to make the dismissal with prejudice; that would bar his new suit. *Altman v. Benik, supra; Ching v. United States, supra*, 298 F.3d at 180 n. 5. But the government did not appeal that first dismissal, as it could have done (a winning party can appeal if he wants a bigger win than the trial court gave him) in order to turn the dismissal into one with prejudice. *Alejo v. Heller*, 328 F.3d 930, 937 (7th Cir. 2003); *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002); *Farmer v. McDaniel*, 98 F.3d 1548 (9th Cir. 1996), overruled on other grounds in *Slack v. McDaniel, supra*. It's too late now. Fed. R. App. P. 4(a)(1)(A); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

The state has not cross-appealed from the district court's judgment dismissing Pavlovsky's second complaint, but that is not the problem. The second dismissal was with prejudice. The government has no dissatisfaction with the ruling, so no occasion to appeal. What it cannot do is defend against Pavlovsky's appeal by means of a collateral challenge to an earlier judgment that it could have appealed from but did not. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Bell v. Eastman Kodak Co., supra*, 214 F.3d at 801; *Farmer v. Perrill*, 275 F.3d 958, 964 (10th Cir. 2001); *Mitchell v. Commission on Adult Entertainment*, 12 F.3d 406, 409 (3d Cir. 1993).

Although the state cannot ask us to modify the previous judgment, it can ask us to recharacterize it as "really" a dismissal with prejudice, simply mislabeled by the district judge; and perhaps that is how the state's improper request that we "modify" the previous judgment should be understood. But Pavlovsky was entitled to rely on the judge's label. The Supreme Court held in *Castro v. United States*, 540

U.S. 375 (2003), that a judge may not recharacterize a pro se prisoner's filing as a section 2255 petition (denial of which could, as argued by the state in this case, preclude a subsequent filing) without warning the prisoner and giving him a chance to withdraw his filing. We had reached the same conclusion earlier. E.g., *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001). And *Slack v. McDaniel*, *supra*, 529 U.S. at 487, had warned against setting traps for unwary pro se litigants. See also *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Pavlovsky may have been lulled into thinking he didn't have to appeal from the first dismissal because it was without prejudice; for all we know, he might have had a meritorious ground for appeal. The situation would be different had the judge dismissed the first case without indicating whether the dismissal was with or without prejudice, for then we would have no choice but to characterize the dismissal ourselves.

We conclude that Pavlovsky's appeal is not, as the government argues, from a second or subsequent petition, and so all he requires is a certificate of appealability. 28 U.S.C. § 2253(c). He is not entitled to one, because his petition was untimely and therefore properly denied—with prejudice. But we take this opportunity to remind district judges that they should be careful not to label a dismissal of a habeas corpus petition on the merits as being without prejudice, thereby depriving the dismissal of the finality that it ought to have.

No. 05-1911                                                    5

A true Copy:

    Teste:

                                 _____

                                *Clerk of the United States Court of*
                                   *Appeals for the Seventh Circuit*