# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-3697

JIMMIE D. POE, SR.,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01 C 398—**William D. Stiehl**, *Judge.*

ARGUED APRIL 11, 2006—DECIDED NOVEMBER 6, 2006

Before FLAUM, *Chief Judge*, and BAUER and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* On June 1, 1999, the Supreme Court held that the predicate drug law violations underlying a conviction for violating the "continuing criminal enterprise" ("CCE") statute, 21 U.S.C. § 848(c), are elements of the CCE offense and thus require jury unanimity with respect to each individual violation. *Richardson v. United States*, 526 U.S. 816, 824 (1999). About six weeks later, Jimmie Poe, Sr. raised a *Richardson* challenge to his 1996 CCE conviction by filing a habeas corpus petition under 28 U.S.C. § 2241. This was a procedural error. Under 28 U.S.C. § 2255 para. 5, a habeas petition "shall not be entertained" if the petitioner has failed to apply to his sentencing court

for relief under 28 U.S.C. § 2255. The district court dismissed the habeas petition without prejudice and redirected Poe to § 2255. By this time, however, the applicable limitations period under § 2255 had expired. When Poe filed the appropriate § 2255 motion challenging his CCE conviction under *Richardson*, the district court denied it as untimely.

We issued a certificate of appealability on the *Richardson* issue and also asked the parties to address the matter of timeliness. We now affirm. Poe's motion was indeed untimely under § 2255 para. 6(3), which specifies that where the prisoner's claim is based on a right newly recognized by the Supreme Court, the one-year limitations period applicable to § 2255 motions runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255 para. 6(3); *Dodd v. United States,* 545 U.S. 353, 358-59 (2005). Poe's § 2255 motion was filed more than two years after *Richardson* was decided. Poe argues that his earlier but improper petition under § 2241—filed within the one-year limitations period—should have been construed as a § 2255 motion rather than dismissed, and on this basis asks us to deem his § 2255 motion timely. He also asserts that the "unique circumstances" doctrine should apply in this situation to allow him to escape the operation of the statute of limitations. We cannot accept either argument; neither finds support in the case law.

## I. Background

Poe was convicted in 1996 of five counts of distributing marijuana or possessing it with intent to distribute (21 U.S.C. § 841(a)), two counts of attempting to possess marijuana with intent to distribute (21 U.S.C. § 846), and one count each of engaging in a continuing criminal enterprise (21 U.S.C. § 848(c)), conspiring to distribute marijuana (21 U.S.C. § 846), and being a felon in possession of

a firearm (18 U.S.C. § 922(g)). Only the CCE conviction is at issue here. At Poe's trial the district court instructed the jurors that in order to find Poe guilty of violating the CCE statute, they must find (among other things) that he was guilty of at least two violations of 21 U.S.C. § 841(a)(1), which prohibits distributing illegal drugs or possessing them with intent to distribute. The court then told the jury: "You must unanimously find that the defendant committed at least two violations of the federal drug laws, *but you do not have to agree on which two violations.*" (Emphasis added.) Poe's CCE conviction was affirmed on direct appeal.

The Supreme Court's June 1, 1999 decision in *Richardson* made it clear that the CCE jury instruction used at Poe's trial was erroneous; the district court should have required the jury to agree unanimously on which violations of the federal drug laws constituted Poe's continuing criminal enterprise. *Richardson*, 526 U.S. at 824. Poe sought to avail himself of the holding announced in *Richardson*.[1] On July 16, 1999, he petitioned the district court for the Southern District of Illinois—the district in which he was convicted and sentenced and also in which he was incarcerated—for a writ of habeas corpus under § 2241. Although Poe's § 2241 petition is not part of the record on appeal, he asserts—and the government does not dispute—that he raised his *Richardson* jury instruction argument in that petition.

The § 2241 petition was pending for more than fourteen months before any action was taken on it. On September 19,

---

[1] In *Lanier v. United States*, 220 F.3d 833, 838 (7th Cir. 2000), this court held that *Richardson* error may be raised in a collateral proceeding. *Lanier* held that because *Richardson* "simply articulated the meaning of 'continuing series of violations' in § 848," the collateral retroactivity bar of *Teague v. Lane*, 489 U.S. 288, 305-09 (1989), did not apply. *Id.* (citing *Bousely v. United States*, 523 U.S. 614, 620 (1998)).

2000, the district court[2] entered a summary order dismissing Poe's habeas petition as procedurally improper. 28 U.S.C. § 2255 para. 5 (providing that a habeas petition "shall not be entertained" if the petitioner "is authorized to apply for relief by motion pursuant to this section" and "has failed to apply for relief, by motion, to the court which sentenced him"). The dismissal was without prejudice, and the court's order advised Poe that in order to collaterally attack his federal sentence, he must file a motion to vacate, set aside, or correct the sentence under § 2255, and directed the clerk to send Poe forms for filing a § 2255 motion.

Approximately nine months later, on June 18, 2001, Poe filed a § 2255 motion, once again raising the *Richardson* challenge to his CCE conviction. He supplemented the motion on July 27 with a legal memorandum detailing his *Richardson* argument. Poe's § 2255 motion was assigned to his sentencing judge and remained pending for more than twenty months before any action was taken. On March 17, 2003, the district court[3] denied Poe's § 2255 motion as untimely. On April 1, 2003, Poe filed a motion under Rule 59(e), FED. R. CIV. P., to alter or amend the judgment. Sixteen months later, on August 18, 2004, the district court denied Poe's Rule 59 motion. The district court then declined to issue a certificate of appealability. On May 19, 2005, we granted a certificate of appealability specifically instructing the parties to brief the *Richardson* jury instruction issue and also to address the timeliness of Poe's § 2255 motion.

---

[2]  Chief Judge J. Phil Gilbert.

[3]  Judge William D. Stiehl.

## II. Discussion

This appeal presents only questions of law, so we review the district court's denial of Poe's § 2255 motion de novo. *Fuller v. United States*, 398 F.3d 644, 647 (7th Cir. 2005). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period applies to a federal prisoner's collateral challenge to his conviction or sentence by motion under § 2255. 28 U.S.C. § 2255 para. 6. As applicable to Poe's § 2255 motion, the one-year period began running on "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255 para. 6(3); *Dodd*, 545 U.S. at 359 ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion."). The Supreme Court decided *Richardson* on June 1, 1999, so Poe had until June 1, 2000, to file a timely § 2255 motion. He missed this deadline by more than a year, filing his § 2255 motion on June 18, 2001.

Recognizing the obvious lateness of his § 2255 motion, Poe suggests two reasons why we should count it as timely nonetheless. First, he argues that because his § 2241 habeas petition was the functional equivalent of a § 2255 motion, the district court should have construed it as a timely § 2255 motion. He cites *Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002), for the proposition that "a postconviction motion that is functionally a section 2255 motion should be treated as such however it is labeled."

But *Carter* and similar decisions that refer to this approach to postconviction motions do so in the context of preventing federal prisoners from circumventing AEDPA's requirement that they obtain permission from the court of appeals before filing a second or successive § 2255 motion. 28 U.S.C. § 2255 para. 8; *Carter*, 312 F.3d at 833;

*Henderson v. United States*, 264 F.3d 709, 710 (7th Cir. 2001) (noting that *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000), held "that a postconviction motion that is functionally, substantively, a motion under section 2255 . . . should be treated as such, even if labeled differently, . . . *for purposes of determining whether a subsequent section 2255 motion should be deemed a successive such motion*") (emphasis added). Poe cites no case from this or any other court—and we are aware of none—that supports a rule requiring district courts to construe equivalent post-conviction filings as § 2255 motions in order to help prisoners comply with AEDPA's one-year limitations period.[4]

Indeed, this court has rejected an equitable tolling argument in this context in *Nolan v. United States*, 358 F.3d 480, 484-86 (7th Cir. 2004). Poe acknowledges *Nolan* and says he is not arguing for equitable tolling.[5] But his argument and the one advanced in *Nolan* are essentially

---

[4] *Henderson* and *Evans* also stand for the proposition that before a district court "converts" a mislabeled but functionally equivalent § 2255 motion, the court must notify the petitioner, explain the "second or successive" consequences of treating the mislabeled filing as a § 2255 motion, and give the petitioner an opportunity to withdraw the motion. *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001); *United States v. Evans*, 224 F.3d 670, 675 (7th Cir. 2000). The Supreme Court later endorsed this approach in *Castro v. United States*, 540 U.S. 375 (2003).

[5] Equitable tolling is "reserved for '[e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing.'" *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) (citing *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003)) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). We observed in *Nolan* that "[e]quitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'" *Id.* (quoting *Modrowski*, 322 F.3d at 967).

the same regardless of doctrinal nomenclature. Nolan had filed a motion for a new trial pursuant to Rule 33, FED. R. CRIM. P., just before the expiration of the applicable AEDPA limitations period. After the Rule 33 motion was denied, he filed a § 2255 motion, which was dismissed as untimely. He invoked equitable tolling, arguing that the Rule 33 motion should be construed as a § 2255 motion by application of the decisions cited above that require postconviction motions that are substantively equivalent to § 2255 motions to be treated as § 2255 motions—regardless of label—for purposes of AEDPA's rules governing second or successive motions.

We rejected this argument, noting that Nolan chose to file a Rule 33 motion, not a § 2255 motion, within AEDPA's limitations period. "From the point of view of timeliness (as opposed to the 'successive petitions' rule), he did so at his peril." *Id.* at 484. The same is true here. There is no legal basis for Poe to claim he was *entitled* to have his improper § 2241 petition construed as a § 2255 motion for purposes of AEDPA's statute of limitations. *See Henderson,* 264 F.3d at 711 ("Nothing in AEDPA says that a motion not labeled as a section 2255 motion shall nevertheless be deemed one if it could have been so labeled accurately. . . . All we hold today . . . is that we won't deem a rule 33 (or other misla-beled motion) a section 2255 motion unless the movant has been warned about the consequences of his mistake.").

Still, we are compelled to comment on the district court's apparent inattentiveness to the promptness requirement of Rule 4 of the "Rules Governing Section 2254 Cases[6]." Rule 4 directs district judges to "promptly" examine incoming habeas petitions and to "dismiss the petition and direct the clerk to notify the petitioner" if it "plainly ap-

---

[6] Rule 1(b) of these rules allows them to be applied to other habeas corpus petitions, such as Poe's § 2241 petition.

pears . . . district court." Poe filed his § 2241 petition less than two months after the Supreme Court decided *Richardson* and the one-year limitations period began running. Had the district court complied with Rule 4 and "promptly" examined and dismissed his petition, Poe would have had ample time to fix the problem and timely file a § 2255 motion. Rule 4 does not define "promptly," but we are confident a fourteen-month delay in preliminary screening is not what the rule contemplates.[7] The district court's neglect deprived Poe of the opportunity to correct his mistake.

This brings us to Poe's secondary argument, which is that we should forgive his § 2255 motion's untimeliness under the doctrine of "unique circumstances." The doctrine is a narrow one that applies "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that his act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989); *see also In re Bond*, 254 F.3d 669, 674 (7th Cir. 2001) (emphasizing the doctrine's narrowness and even questioning its continued vitality). Poe's case does not meet the requirements of the "unique circumstances" doctrine because no judicial officer ever gave him any assurances he had properly filed his motion for postconviction relief. The

---

[7] The inexplicable twenty-month delay in denying Poe's § 2255 motion as untimely also qualifies for these criticisms, *see* Rule 4(b) of the "Rules Governing Section 2255 Proceedings," as does the sixteen-month delay in disposing of Poe's Rule 59 motion. We have not focused on these delays, however, as they had no legal significance. Poe's limitations period expired long before he filed his § 2255 motion, so the twenty-month lag between motion and disposition did not contribute to the motion's untimeliness. The same is true of the sixteen months it took the district court to decide Poe's Rule 59 motion.

September 19, 2000 order dismissing his § 2241 petition told him quite the opposite—that he had filed his petition *incorrectly* and would have to try again. The doctrine of "unique circumstances" does not apply here; the district court properly dismissed Poe's § 2255 motion as untimely.[8]

AFFIRMED.

---

[8] Had it been timely, Poe's § 2255 motion would have run up against this circuit's case law holding *Richardson* error to be harmless where the jury unanimously convicted the defendant of two or more separate drug offenses along with the CCE offense. *United States v. Wilson*, 237 F.3d 827, 833-34 (7th Cir. 2001) ("Because the jury unanimously agreed that each defendant had committed two of the predicate offenses with which he was charged[,] . . . the omission of the instruction was harmless error and the CCE convictions stand."); *United States v. Jackson*, 207 F.3d 910, 919 (7th Cir. 2000) (omission of unanimity instruction on CCE count was harmless error where jury unanimously convicted defendant on three predicate offenses). Poe was separately convicted of five felony counts of distributing marijuana or possessing marijuana with intent to distribute.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*