NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 11, 2008[*]
Decided December 15, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 08-1711 & 08-2821

| | |
|---|---|
| CRAIG L. MILLER,<br>     *Plaintiff-Appellant*, | Appeals from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 07 C 567 |
| STATE OF WISCONSIN,<br>     *Defendant-Appellee*. | Barbara B. Crabb,<br>*Chief Judge*. |

**O R D E R**

---

 [*] After examining the briefs and records, we have concluded that oral argument is unnecessary.  Thus, the appeals are submitted on the briefs and records.  *See* FED. R. APP. P. 34(a)(2).

Craig Miller, a Wisconsin inmate, claims that the state owes him $6.9 billion and an apology for violating his civil rights. On the state's motion, the district court dismissed the complaint with prejudice. The court reasoned that the State of Wisconsin—the only defendant—cannot be sued for money damages under the civil-rights statutes. *See Lapides v. Bd. of Regents of Univ. of Ga.*, 535 U.S. 613, 617 (2002); *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 641 (7th Cir. 2006). What's more, the court explained, the suit would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because it challenges the propriety of Miller's criminal conviction. Miller appeals both the dismissal and a later order denying his motion to vacate under Federal Rule of Civil Procedure 60(b).

Miller argues in both appeals that the district court should have dismissed his complaint *without* prejudice, not with prejudice. Miller reasons that because he already had litigated and lost a postconviction challenge under 28 U.S.C. § 2254, the court was obligated to recharacterize this suit as an unauthorized "second or successive" petition and dismiss it for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 2244(b); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). In the alternative, says Miller, the district court was obligated to screen the complaint prior to service, *see* 28 U.S.C. § 1915A, and dismiss it at that state without prejudice.

These appeals, like Miller's complaint and his motion to vacate, are frivolous. Miller's arguments, if accepted, would turn on their heads rules designed to prevent prisoners from flooding the federal courts with frivolous litigation. The district court was not obligated to recharacterize Miller's complaint as a petition for habeas corpus. *See Poe v. United States*, 468 F.3d 473, 476 (7th Cir. 2006); *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004). And while the court should have screened Miller's complaint and dismissed it immediately upon receipt, that omission was harmless from Miller's perspective because a dismissal for failure to state a claim, at any stage, should be with prejudice. *See Gladney v. Pendleton Corr. Fac.*, 302 F.3d 773, 775 (7th Cir. 2002); *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993).

Miller's remaining arguments require no discussion. Miller has incurred "strikes" for his complaint, his Rule 60(b) motion, and both of these appeals. He already had at least one strike, *Miller v. Morgan*, 2005 WL 1364507, at *3 (W.D. Wisc. 2005), so now with four more he has "struck out." *See* 28 U.S.C. § 1915(g).

The judgments in both cases are AFFIRMED.