ORDER
Craig Miller, a Wisconsin inmate, claims that the state owes him $6.9 billion and an apology for violating his civil rights. On the state’s motion, the district court dismissed the complaint with prejudice. The court reasoned that the State of Wisconsin — the only defendant — cannot be sued for money damages under the civil-rights statutes. See Lapides v. Bd. of Regents of Univ. of Ga., 535 U.S. 613, 617, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002); Keri v. Bd. of Trs. of Purdue Univ., 458 F.3d 620, 641 (7th Cir.2006). What’s more, the court explained, the suit would be barred under Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because it challenges the propriety of Miller’s criminal conviction. Miller appeals both the dismissal and a later order denying his motion to vacate under Federal Rule of Civil Procedure 60(b).
*2 Miller argues in both appeals that the district court should have dismissed his complaint without prejudice, not with prejudice. Miller reasons that because he already had litigated and lost a postconviction challenge under 28 U.S.C. § 2254, the court was obligated to recharacterize this suit as an unauthorized “second or successive” petition and dismiss it for lack of subject-matter jurisdiction. See 28 U.S.C. § 2244(b); Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir.2005). In the alternative, says Miller, the district court was obligated to screen the complaint pri- or to service, see 28 U.S.C. § 1915A, and dismiss it at that state without prejudice.
These appeals, like Miller’s complaint and his motion to vacate, are frivolous. Miller’s arguments, if accepted, would turn on their heads rules designed to prevent prisoners from flooding the federal courts with frivolous litigation. The district court was not obligated to recharacterize Miller’s complaint as a petition for habeas corpus. See Poe v. United States, 468 F.3d 473, 476 (7th Cir.2006); Melton v. United States, 359 F.3d 855, 858 (7th Cir. 2004). And while the court should have screened Miller’s complaint and dismissed it immediately upon receipt, that omission was harmless from Miller’s perspective because a dismissal for failure to state a claim, at any stage, should be with prejudice. See Gladney v. Pendleton Corr. Fac., 302 F.3d 773, 775 (7th Cir.2002); Paganis v. Blonstein, 3 F.3d 1067, 1071 (7th Cir.1993).
Miller’s remaining arguments require no discussion. Miller has incurred “strikes” for his complaint, his Rule 60(b) motion, and both of these appeals. He already had at least one strike, Miller v. Morgan, 2005 WL 1364507, at *3 (E.D.Wisc.2005), so now with four more he has “struck out.” See 28 U.S.C. § 1915(g).
The judgments in both cases are AFFIRMED.