NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2015[*]
Decided April 14, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-3183

| | |
|---|---|
| CYNTHIA JOHNSON, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:13-cv-01659-SEB-DKL |
| WESTERN & SOUTHERN LIFE | |
| INSURANCE COMPANY, | Sarah Evans Barker, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Cynthia Johnson appeals the district court's order compelling arbitration and dismissing her employment-discrimination suit against Western & Southern Life Insurance Company, her former employer. We conclude that Johnson's suit was properly dismissed on the ground that the arbitration agreement bars the litigation of her claims in federal court. We affirm the judgment but modify the dismissal to be without prejudice.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

When Johnson (who worked for Western & Southern for six years) was promoted from agent to sales manager and again when she later became a sales representative, she signed an agreement titled "Agreement and Receipt for Dispute Resolution Program." That agreement requires her to submit "all legal claims or disputes . . . to binding arbitration" as set forth in the company's Dispute Resolution Program (DPR) booklet. By signing the agreement, Johnson acknowledged that she had "received a copy" of the dispute-resolution booklet and "read and understood its contents." The DPR booklet provides that "[c]laims and disputes subject to arbitration include"—with a few exceptions irrelevant to this appeal—"all those legal claims you may now or in the future have against the Company." The DPR booklet also contains a delegation provision that grants the arbitrator "exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability or formation of the agreement to arbitrate including, but not limited to, any claim that all or any part of the agreement is void and voidable." A related document signed by Johnson states that she may not "commence any arbitration or action under the DRP or otherwise relating to [her] employment . . . more than six months after the date of termination of such employment."

Johnson resigned from her position as sales representative in March 2013 and then sued Western & Southern, claiming that the company had discriminated against her based on race (African-American) and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and asserting state-law contract and tort claims. (She also sued other defendants, but they are not parties to this appeal.)

Western & Southern moved to compel arbitration and to dismiss Johnson's suit for improper venue under Federal Rule of Civil Procedure 12(b)(3). In support of its motion, the company submitted copies of the DRP booklet and the agreements Johnson had signed. Johnson contended that the arbitration agreement was unenforceable because, she maintained, it was unconscionable, she had had "no opportunity to bargain" before signing it, and she did not "remember ever being given the dispute resolution program booklet." She did not, however, challenge the validity of the delegation provision.

The district court granted the company's motion to dismiss and to compel arbitration. The court reasoned that it could not even consider Johnson's challenges to the validity of the arbitration agreement because its delegation provision—materially identical to the one enforced by the Supreme Court in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 65–66, 72 (2010)—confers exclusive authority on the arbitrator to decide

whether the arbitration agreement is enforceable. Dismissal also was warranted, the court continued, because Johnson had not commenced arbitration within the six-month time limit contained in her employment agreement, and thus she was "time-barred from . . . attempting to pursue arbitration."

On appeal, Johnson generally argues that the district court was wrong to conclude that her claims against Western & Southern are subject to arbitration. But in her brief she does not contest—or even mention—the validity of the delegation provision. The district court was therefore required to do as the Supreme Court directed in *Rent-A-Center*: treat the delegation provision as valid and enforce it, thereby letting the arbitrator decide Johnson's challenges to the validity of the arbitration agreement. *See Rent-A-Center*, 561 U.S. at 72, 75–76.

The district court's order does contain one misstep that we must address: By concluding that Johnson is "time-barred from now attempting to pursue arbitration," the district court improperly ruled on a matter that is presumptively reserved for the arbitrator. *See BG Group plc v. Republic of Argentina*, 134 S. Ct. 1198, 1206–07 (2014); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85–86 (2002); *Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 577 (7th Cir. 2006); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 128–30 (2d Cir. 2015). Western & Southern contends that the district court properly reached the issue of timeliness, relying on the Supreme Court's decision in *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964), for the proposition that a court may reach this and other "procedural" issues when doing so would operate as a complete bar to arbitration. But the company's reliance on that decision is misplaced. In that case the Supreme Court adopted the rule that, "[o]nce it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition *should be left to the arbitrator*." *Id.* at 557 (emphasis added). The Supreme Court has applied this rule consistently, making clear in more recent decisions that federal courts must presume that the parties intended arbitrators to decide whether a party has complied with time limits and other arbitrational prerequisites. *See BG Group*, 134 S. Ct. at 1206–07; *Howsam*, 537 U.S. at 85–86. Western & Southern has offered no reason to upset that presumption here.

And so the district court should not have dismissed Johnson's suit on the ground that her claims were untimely. By dismissing the suit on timeliness grounds, the court dismissed it on the merits and thus with prejudice. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). The district court's dismissal, however, should have been *without*

prejudice. The company moved to compel arbitration and to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), which we note is the correct rule to invoke in these circumstances, *see Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). And a dismissal for improper venue is without prejudice because it is not an adjudication on the merits. FED. R. CIV. P. 41(b); *see In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011); *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132 (D.C. Cir. 2012). Accordingly, we MODIFY the district court's dismissal to be without prejudice. As so modified, the judgment of the district court is

AFFIRMED.