DLD-087                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3440
_____

RICHARD C. MURPHY,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-05710)
District Judge:  Honorable John M. Vazquez
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 or Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
February 4, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: February 12, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Richard Murphy appeals the District Court's order denying his motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure. For the reasons discussed below, we will summarily affirm the District Court's order.

In 2018, Murphy pleaded guilty to sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a) and was sentenced to 300 months' imprisonment. He appealed, and we affirmed. See United States v. Murphy, 792 F. App'x 232 (3d Cir. 2019) (non-precedential). On April 6, 2020, the Supreme Court denied Murphy's petition for a writ of certiorari. See Murphy v. United States, 140 S. Ct. 2657 (2020).

In May 2020, Murphy filed his Rule 60(b)(4) motion alleging that the criminal judgment should be set aside for lack of jurisdiction. In his motion, Murphy argued that the District Court was "without standing to recharacterize" the filing as a 28 U.S.C. § 2255 motion. See ECF No. 1 at 2. The filing was nevertheless docketed on the District Court's electronic filing system as a § 2255 motion. Murphy then filed a motion to correct the docket, stating that his motion had been incorrectly characterized and asking the Court to rule on the motion as captioned. See ECF No. 2. He also filed a "motion to affirm," asking the Court to inform him "whether or not [his] Rule 60(b)(4) motion will be answered as such or if the Court has chosen to recharacterize the motion as a 28 U.S.C. § 2255 or the like." ECF No. 3 at 1.

The District Court denied relief. The Court treated Murphy's filing as a Rule 60(b)(4) motion, and concluded that that rule did not apply in criminal cases. Murphy appealed. In this Court, he has explained that, "[t]o avoid further confusion, [his] motion

2

to vacate judgment is not a petition under 28 U.S.C. § 2255 but a motion under Federal Rules of Procedure 60(b)(4)."  3d Cir. ECF No. 7 at 3.

We have jurisdiction under 28 U.S.C. § 1291.[1]  We exercise plenary review over the denial of relief under Rule 60(b)(4).  See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 n.5 (3d Cir. 2008).  We may summarily affirm if "no substantial question is presented" by the appeal.  3d Cir. L.A.R. 27.4.

The District Court did not err in denying Murphy's motion.  He insisted that the Court should rule on it as captioned—i.e., as a Rule 60(b)(4) motion—but "the Federal Rules of Civil Procedure (including Rule 60(b)) do not apply to criminal cases."  United States v. Arrington, 763 F.3d 17, 22 (D.C. Cir. 2014) (citing Fed. R. Civ. P. 1; United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam)).  Murphy was therefore not entitled to challenge his criminal judgment via Rule 60(b)(4).

As the District Court explained, § 2255 represents the proper vehicle for Murphy's claim.  See § 2255(a) (explaining that "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence

---

[1] Because the District Court (at Murphy's request) construed his filing as arising under Rule 60(b) and being unrelated to any § 2255 motion, he is not required to obtain a certificate of appealability to proceed with this appeal.  See 28 U.S.C. § 2253(c)(1)(B) (requiring a certificate of appealability to appeal "the final order in a proceeding under section 2255"); cf. Bracey v. Superintendent Rockview SCI, --- F.3d ---, No. 17-1064, 2021 WL 191847, at *3–*4 (3d Cir. Jan. 20, 2021).

to vacate, set aside or correct the sentence").  While the District Court could have recharacterized Murphy's filing as a § 2255 motion, see Castro v. United States, 540 U.S. 375, 381 (2003), it was not obligated to do so over his strenuous objection, see Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1367–68 (11th Cir. 2015); Poe v. United States, 468 F.3d 473, 476 (7th Cir. 2006); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). Therefore, we discern no error in the District Court's disposition of this case.[2]

Accordingly, we will summarily affirm the District Court's judgment.[3]

---

[2] We advise Murphy that § 2255 motions are subject to a one-year limitation period that typically requires the motion to be filed within one year of "the date on which the judgment of conviction becomes final."  § 2255(f)(1).  Murphy's criminal judgment became final when the Supreme Court denied certiorari on April 6, 2020.  See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

[3] In this Court, Murphy has filed documents entitled "motion contesting summary action" and "motion contesting government's appearance."  To the extent that these motions request any relief, they are denied.