*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0225P (6th Cir.)
File Name: 02a0225p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: DENNY ROY SHELTON,
JR.,

        *Movant.*

No. 01-2697

---

Transferred from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 00-00110—David W. McKeague, District Judge.

Submitted: June 11, 2002

Decided and Filed: July 10, 2002

Before: KEITH and DAUGHTREY, Circuit Judges;
MARBLEY, District Judge.*

---

## OPINION

---

PER CURIAM. This matter is before us on motion of
Denny Roy Shelton, Jr., for an order pursuant to 28 U.S.C.
§ 2244(b)(3)(A) authorizing the district court to consider a
second or successive motion to vacate his federal sentence.

---

*The Honorable Algernon L. Marbley, United States District Judge
for the Southern District of Ohio, sitting by designation.

1

For the reasons set out below, we hold that Shelton is not required to obtain this court's authorization to file his § 2255 motion, and we therefore dismiss the instant motion as moot.

On October 25, 2000, the district court sentenced Shelton to consecutive prison terms of 77 months and 120 months following Shelton's plea of guilty to violations of 21 U.S.C. § 841 and 18 U.S.C. § 924(c). Although Shelton did not file a direct appeal, in July 2001, he filed with the district court a motion captioned "motion to dismiss for lack of territorial jurisdiction." The district court, apparently without giving prior notice to Shelton, construed the motion as one filed pursuant to 28 U.S.C. § 2255 and dismissed it.

In October 2001, Shelton filed a second motion in the district court, this time arguing that his counsel had rendered ineffective assistance by failing to challenge the validity of a search that led to the discovery of a firearm by law enforcement officers. Unlike his prior motion, Shelton labeled the latter motion as filed under § 2255, and he further argued that he had intended his *prior* motion to be construed as filed pursuant to Rule 12(b)(2) or Rule 33 of the Federal Rules of Criminal Procedure, not § 2255. The district court rejected Shelton's argument and held the latter motion to be a "second or successive" motion brought under 28 U.S.C. § 2255. We now consider Shelton's request under § 2244 (b)(3) that we authorize the district court to consider a second § 2255 motion.

Many pro se prisoners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief. District courts, in an effort to assist pro se litigants unaware of the applicable statutory framework, often re-characterize such filings as § 2255 motions. As the Third Circuit has noted, "[t]his practice developed both for efficiency's sake and out of a sense of fairness to pro se petitioners, whose claims are construed quite liberally." *United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999). An unintended byproduct of this practice, however, is that it may effectively deprive an uninformed pro se litigant of the future

opportunity to file a motion to vacate his sentence under § 2255. The Antiterrorism and Effective Death Penalty Act (AEDPA) constrains a prisoner's opportunity to file successive motions under 28 U.S.C. § 2255 to narrowly limited circumstances. *See* 28 U.S.C. § 2255 (providing that a "second or successive motion" must involve "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable"). However, as the Second Circuit has observed, re-characterization of a pro se post-conviction filing as a § 2255 motion involves an inherent risk under AEDPA:

> If a district court receiving a motion under some other provision of law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a 'second' § 2255. Thus, a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated. The court's act of conversion which we approved under pre-AEDPA law because it was useful and harmless might, under AEDPA's new law, become extraordinarily harmful to a prisoner's rights. A prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single petition for habeas corpus adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under § 2255.

*Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998).

The Second, Third, Fourth, Seventh, Ninth, and Tenth Circuits have held that, in view of AEDPA's strict bar, district courts should not automatically re-characterize a pro se prisoner's post-conviction motion as a § 2255 motion. Instead, those courts hold that the district court should inform the movant that his motion may be deemed a § 2255 motion and give him an opportunity to withdraw it. *See United States*

*v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002); *Henderson v. United States*, 264 F.3d 709, 711-12 (7th Cir. 2001); *United States v. Seesing*, 234 F.3d 456, 463-64 (9th Cir. 2001); *United States v. Kelly*, 235 F.3d 1238,1242 (10th Cir. 2000); *United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999); *Adams*, 155 F.3d at 584. *See also Castro v. United States*, 290 F.3d 1270 (11th Cir. 2002). ("[W]e suggest that in the future, when a district court unilaterally recharacterizes a prisoner's pleading as a § 2255 petition, the judge should also warn the petitioner of the consequences of this recharacterization -- that this recharacterized petition may be his first and only chance to seek relief under § 2255.") *Raineri v. United States*, 233 F.3d 96, 100 (1st Cir. 2000) (declining to adopt procedures set forth in *Adams*, but holding "that when a district court, acting sua sponte, converts a post-conviction motion filed under some other statute or rule into a section 2255 petition without notice and an opportunity to be heard (or in the alternative, the pleader's informed consent), the recharacterized motion ordinarily will not count as a 'first' habeas petition sufficient to trigger AEDPA's gatekeeping requirements").

We agree with the approach of the Second Circuit, and hold that:

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams*, 155 F.3d at 584. Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

*See Henderson*, 264 F.3d at 711-712 (refusing to deem pro se prisoner's post-conviction motion a § 2255 motion where "[n]o warning was given"). Of course, "[i]f the movant files a motion properly denominated as a § 2255 motion, the court may rule on its merits without taking the prophylactic measures today prescribed regarding mislabeled or unlabeled post-conviction motions." *Emmanuel*, 288 F.3d at 649 n.2.

Here, it appears from the record that the district court, before re-characterizing Shelton's first post-conviction filing as a § 2255 motion, did not provide Shelton with appropriate notice and an opportunity for withdrawal. Accordingly, that motion cannot be counted against him for purposes of the bar on a successive § 2255 motion. We therefore DENY Shelton's instant request for relief under 28 U.S.C. § 2244(b)(3)(A) as moot.