Troy Richard ANDERSON,
Petitioner–Appellant,

v.

WARDEN, FCI TEXARKANA,
Respondent–Appellee.

No. 01–6450.

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2002.

Before GUY, SILER, and BATCHELDER, Circuit Judges.

This is an appeal from a district court judgment dismissing for want of jurisdiction a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Troy Richard Anderson filed a § 2241 petition for a writ of habeas corpus in which he challenged the constitutionality of a 1997 conviction. Att. 3. The district court dismissed the petition for want of jurisdiction, Att. 2, and this appeal followed. Anderson briefed the issues without benefit of counsel and moves for pauper status on appeal.

This court reviews de novo a district court judgment dismissing a § 2241 petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). An examination of the record and law not only supports the district court's decision based on law existing at the time of the judgment, but it also shows that the district court correctly anticipated recent Sixth Circuit authority when the court declined to re-characterize the petition as a motion to vacate sentence.

In 1997, Anderson was sentenced in the Western District of Tennessee to a seventy-two month term of imprisonment on his guilty plea to drug conspiracy and to being a felon in possession of a firearm. A panel of this court affirmed his conviction on direct appeal. *United States v. Anderson,* Nos. 97–5965 & 98–5185, 1999 WL 220118 (6th Cir. April 7, 1999). This court later denied Anderson a certificate of appealability from his unsuccessful challenge to this conviction in a motion to vacate sentence filed under 28 U.S.C. § 2255. *Anderson v. United States,* No. 00–6730 (6th Cir. May 22, 2001).

On August 15, 2001, Anderson was incarcerated in Federal Correctional Institution, Texarkana, Texas, when he filed a motion in the Western District of Tennessee styled as a 28 U.S.C. § 2241 petition for a writ of habeas corpus. The petition was directed to Anderson's 1997 conviction, it was based on his claim that his conviction and sentence in that case were constitutionally tainted, and it culminated in a request to vacate one count of conviction and to order a new sentence in the remaining count. The district court sua sponte concluded that the relief requested sounded in § 2255, instead of § 2241, but the court did not treat the petition as a successive motion to vacate. Instead, the district court found that it lacked subject matter jurisdiction over the case, as a § 2241 petition must be filed in the district in which the petitioner is incarcerated, and ordered the petition dismissed. Anderson now takes issue with the judgment in its entirety.

As an initial matter, the district court correctly found that the petition was filed in the incorrect jurisdiction. Federal prisoners may file a § 2241 petition in which they challenge the execution or manner in which the sentence is served only in the district court having jurisdiction over the prisoner's custodian. *See, e.g., Charles,* 180 F.3d at 755–56; *United*

*States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991); *Wright v. United States Bd. of Parole,* 557 F.2d 74, 77 (6th Cir.1977). Thus, the dismissal for want of jurisdiction finds support in law. The district court also considered, and rejected, the alternative disposition of construing the petition as a successive motion to vacate sentence. The court's ultimate decision not to do so anticipated a recent Sixth Circuit decision condemning just such a practice without first notifying the prisoner and permitting him to withdraw the petition or consent to its re-characterization. *In re Shelton,* 295 F.3d 620 (6th Cir.2002) (per curiam). The appeal lacks merit.

Accordingly, the motion for pauper status is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.