**Curtis MCDONALD, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 03–5253.**

United States Court of Appeals, Sixth Circuit.

June 9, 2004.

Curtis McDonald, Memphis, TN, pro se.

Stuart J. Canale, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Respondent–Appellee.

Before KRUPANSKY and COLE, Circuit Judges; and COOK, District Judge.*

*ORDER*

Curtis McDonald appeals pro se from a district court judgment that dismissed a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been re-

---

* The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District

ferred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

A federal jury convicted McDonald of several drug trafficking and money laundering charges. He was sentenced to life imprisonment, and that sentence was affirmed on appeal.

In his § 2255 motion, McDonald primarily alleged: 1) that his convictions violated *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 2) that his trial was tainted by juror misconduct; and 3) that he was denied the effective assistance of counsel. The district court dismissed the case *sua sponte* on January 21, 2003, and it is from this judgment that McDonald now appeals.

McDonald was granted a certificate of appealability on the issues of whether his claims regarding jurors DeCaro and Eason were procedurally defaulted and whether he was denied the effective assistance of counsel by his attorney's alleged failure to raise those claims. Appellate review is limited to these issues. *See* 28 U.S.C. § 2253(c).

McDonald has not shown that the district court's factual findings regarding Eason's attentiveness were clearly erroneous. *See* Fed.R.Civ.P. 52(a). It follows that his attorney's performance was not constitutionally deficient and that he was not prejudiced by counsel's alleged error. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, he cannot rely on the ineffective assistance of counsel to establish cause, and the court properly held that his claim was barred by an unexcused procedural default. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

of Michigan, sitting by designation.

McDonald alleged that his attorney did not raise an effective challenge regarding the alleged misconduct of jurors DeCaro and Eason. However, appellate counsel did raise a claim regarding DeCaro, and McDonald has not shown that the court committed clear error when it found that Eason was attentive during his trial. Moreover, appellate counsel raised other plausible, albeit unavailing, arguments on his behalf. *See generally Jones v. Barnes,* 463 U.S. 745, 750–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1982). Therefore, McDonald's claim that he was denied the effective assistance of counsel is also lacking in substantive merit. *See Strickland,* 466 U.S. at 687.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.