**Milaudi KARBOAU, Plaintiff—Appellant,**

v.

**Nadine PURNINGTON, Multnomah County Sheriff; et al., Defendants—Appellees.**

No. 04–35950.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Milaudi Karboau, Umatilla, OR, pro se.

Susan M. Dunaway, Esq., Office of Multnomah County Attorneys, Portland, OR, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Milaudi Karboau, an Oregon state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that he was discriminated against on account of his religious beliefs and denied access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment to defendant Jeffrey Hunt ("Hunt") on Karboau's retaliation claim because Karboau failed to raise a genuine issue of material fact as to whether his placement in solitary confinement

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and the disciplinary report issued against him were unrelated to legitimate penological interests. *See Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995).

■ The district court properly granted summary judgment to Hunt on Karboau's claim that he was discriminated against on account of his Islamic faith because Karboau failed to raise a genuine issue of material fact as to whether the search of his bunk and the confiscation of his possessions, including his Koran, were unrelated to legitimate penological interests. *See id.*

■ The district court properly granted summary judgment to Hunt on Karboau's claim that Hunt used abusive language regarding his religious background because Karboau failed to raise a genuine issue of material fact as to whether the alleged epithet rose to the level of a constitutional violation. *See Freeman v. Arpaio,* 125 F.3d 732, 738 (9th Cir.1997) (the isolated use of verbal harassment or abuse, even where directed at a prisoner's religious and ethnic background, is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983).

■ The district court properly granted summary judgment to defendant Nadine Purnington on Karboau's claim that he was denied access to the courts because Karboau was represented by counsel at all proceedings, and failed to raise a genuine issue of material fact as to whether any alleged denial of access to the law library caused him an actual injury. *See Keenan v. Hall,* 83 F.3d 1083, 1093–94 (9th Cir. 1996) (prison inmates have a constitutional right to either assistance of a lawyer, or access to a law library).

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Karboau's remaining contentions also lack merit.

AFFIRMED.