NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0280n.06
Filed: April 16, 2007

No. 06-5437

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                 )
                                          )        ON APPEAL FROM THE
          Plaintiff-Appellee,             )        UNITED STATES DISTRICT
                                          )        COURT FOR THE WESTERN
                  v.                      )        DISTRICT OF TENNESSEE
                                          )
GEROME BATES,                             )
                                          )
          Defendant-Appellant.            )
_____   )

BEFORE: ROGERS and GRIFFIN, Circuit Judges; and RUSSELL, District Judge.[*]

GRIFFIN, Circuit Judge.

Federal prisoner Gerome Bates appeals a district court order denying his Motion to Convert 18 U.S.C. § 3582 Petition to 28 U.S.C. § 2255 and denying his Motion for Reconsideration. Bates argues that the district court erred in failing to characterize his July 12, 2004, pro se motion styled "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(b)(3)" as a petition for habeas corpus under 28 U.S.C. § 2255. Appellee the United States of America ("the government") contends that the district court was not required to convert Bates's § 3582 motion into a § 2255 petition, and that the district court concluded correctly that Bates's September 2, 2005, motion to convert was untimely. For the reasons set forth below, we affirm.

_____

[*]The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

I.

Appellant Gerome Bates was convicted via a guilty plea of one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, in the Western District of Tennessee. On January 15, 2002, Bates was sentenced to a term of one hundred months of incarceration, to be followed by a term of four years of supervised release. Bates appealed the district court's imposition of a sentence of one hundred months of incarceration, arguing that the district court should not have applied a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). This court affirmed. *United States v. Gross*, 77 F. App'x 338, 341-42 (6th Cir. 2003).

On January 12, 2004, Bates filed a pro se motion in his closed criminal case, styled "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(b)(3)." Bates's motion sought a new sentencing hearing in light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Bates later retained counsel and, on September 22, 2005, filed a motion through counsel styled "Motion to Convert 18 U.S.C. § 3582 Petition to 28 U.S.C. § 2255."

On January 31, 2006, the district court denied Bates's pro se motion, concluding that "[n]othing in 18 U.S.C. § 3582(c) authorizes a defendant to move the sentencing court for a modification of his sentence pursuant to a new Supreme Court decision." The district court did not acknowledge the motion filed by Bates's counsel on September 22, 2005, to convert Bates's motion to a habeas petition under 28 U.S.C. § 2255.

Bates then filed a motion for reconsideration of the district court's January 31 order. On March 20, 2006, the district court denied Bates's motion to convert and denied Bates's motion for reconsideration. With regard to Bates's motion to convert, the court stated that

> it is not clear that the Court has the authority to convert the § 3582 motion to a § 2255 motion under these circumstances. The decisions in *Castro v. United States*, 540 U.S. 375 (2003); *Martin v. Perez*, 319 F.3d 799, 805 (6th Cir. 2003); and *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002), discourage district courts from converting filings by prisoners to § 2255 motions.

The court then concluded that Bates's request to convert his pro se motion to a habeas petition was untimely because it was filed more than eight months after the expiration of the statute of limitations. With regard to Bates's motion for reconsideration, the court held that "[n]othing in the February 8, 2006 filing provides any basis for reconsideration of the holding that this prisoner is not entitled to relief pursuant to § 3582."

This timely appeal followed.

## II.

We review a district court's order denying a motion to modify sentence filed pursuant to 18 U.S.C. § 3582 for abuse of discretion. *United States v. Peveler*, 359 F.3d 369, 373 (6th Cir. 2004). When a district court denies a petition for a writ of habeas corpus, we review the district court's legal conclusions de novo. *Hodge v. Hurley*, 426 F.3d 368, 375 (6th Cir. 2005) (citing *Palazzolo v. Gorcyca*, 244 F.3d 512, 515 (6th Cir. 2001). A district court's denial of a motion to reconsider is reviewed for an abuse of discretion. *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

## III.

Bates argues on appeal that the district court erred in determining that it lacked the authority to convert his pro se motion to a 28 U.S.C. § 2255 petition. Bates concedes that 18 U.S.C. § 3582 does not authorize a defendant to move the sentencing court for a modification of his sentence, but contends that the district court should have initially converted his pro se motion to a habeas petition. Even assuming, without deciding, that the district court abused its discretion in misconstruing its authority to convert Bates's pro se motion to a habeas petition, we nevertheless affirm the denial of Bates's petition as meritless. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("We may affirm a district court's [order] for reasons other than those stated by the lower court.").

In his underlying motion, Bates argues that his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), because he received a two-level sentencing enhancement based on facts found by the district judge following his guilty plea. As we stated in *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied,* 126 S. Ct. 199 (2005), Bates's *Blakely* claim "is now governed by the Supreme Court's intervening decision in [*United States v. Booker*, 543 U.S. 220, 244 (2005)], which applied the *Blakely* reasoning to the Federal Sentencing Guidelines, holding that 'any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" *Humphress*, 398 F.3d at 860 (quoting *Booker*, 543 U.S. at 244). Bates was sentenced on January 17, 2002, three years before *Booker* was decided, and we have held repeatedly that *Booker* does not apply retroactively to § 2255 motions. *Lang v. United States*, 474 F.3d 348, 353 (6th Cir. 2007); *Humphress*, 398 F.3d at 860.

Thus, even if the district court had exercised its discretion to re-characterize Bates's motion as a §

2255 petition, Bates's petition would have failed on its merits. We therefore affirm the district

court's denial of Bates's motion on this alternative ground. *United States v. Buckingham*, 433 F.3d

508, 514 (6th Cir. 2006).

IV.

For the reasons provided above, the district court's March 20, 2006, order denying Bates's

motion to convert his § 3582 motion to a § 2255 petition and denying Bates's motion to reconsider

is affirmed.