**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0289n.06
Filed: April 17, 2009

**No. 07-5250**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CURTIS McDONALD,

     Defendant-Appellant.

_____/

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

BEFORE:    BATCHELDER and CLAY, Circuit Judges; and COX, District Judge.[*]

**COX, District Judge**. Following a jury trial, Defendant-Appellant Curtis McDonald ("McDonald") was convicted of fifteen counts of drug trafficking and money laundering. In this appeal, McDonald argues that the district court improperly characterized his "Nunc Pro Tunc Motion for Acquittal" as a second motion pursuant to 28 U.S.C. § 2255, and therefore improperly found that it lacked jurisdiction to entertain the motion. For the reasons below, we **AFFIRM** the judgment of the district court.

_____

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

BACKGROUND

The underlying facts which led to McDonald's original conviction were laid out in depth by this Court in *United States v. McDonald*, 173 F.3d 430, 1999 WL 149658 (6th Cir. 1999). A brief synopsis of those facts, as well as the procedural facts leading to the instant motion, are included below.

McDonald was one of several defendants indicted and convicted for his involvement with a drug-trafficking and money laundering operation that transported cocaine from Houston, Texas to Memphis, Tennessee. The Government alleged that McDonald was one of two individuals who controlled the Memphis end of the conspiracy, distributed thousands of kilograms of cocaine, and shipped millions of dollars back to Colombia. A jury found McDonald guilty of fifteen counts of drug trafficking and money laundering on October 31, 1996. The lower court sentenced McDonald on February 28, 1997 to life imprisonment, plus a five year period of supervised release.

At trial, the Government offered a taped phone conversation ("the Williams Tape") between co-defendant Jerleen McNeil ("McNeil") and unindicted co-conspirator Mose Williams ("Williams"). On the Williams Tape, McNeil identified McDonald as one of the leaders of the conspiracy. Williams was not available for cross-examination at trial, as he passed away before the grand jury returned an indictment.

McDonald objected when the Government moved to admit the Williams Tape into evidence. The trial court overruled McDonald's objection, finding that McNeil's statements were admissible under FED. R. EVID. 801(d)(2)(A). Williams's half of the conversation on tape was admitted not for the truth of the matters asserted, but to put McNeil's half of the conversation into context.

McDonald raised multiple arguments in his original appeal to this Court, including his objection to the trial court's admission of the Williams Tape. This Court affirmed McDonald's conviction and sentence. *See United States v. McDonald*, 173 F.3d 430, 1999 WL 149658 (6th Cir. 1999), *cert. denied*, 528 U.S. 873 (1999).

On October 2, 2003, McDonald filed a *pro se* motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. In that motion, McDonald did not contest the admission of the Williams Tape. The trial court denied McDonald's § 2255 motion, which was affirmed on appeal to this Court. *See McDonald v. United States*, 101 Fed. Appx. 84, 2004 WL 1303362 (6th Cir. 2004).

On July 16, 2006, McDonald filed another *pro se* motion in the trial court, entitled "Nunc Pro Tunc Motion for Acquittal" ("the Motion"). In the Motion, McDonald advances three primary arguments: 1) that admission of the Williams Tape, without an opportunity for McDonald to cross-examine Williams, violated McDonald's rights under the Confrontation Clause pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004); 2) that hearsay statements of another co-conspirator, Marciela Jaramillo, were allowed at trial; and 3) that McDonald should have been allowed to play tapes of certain government witnesses at trial. The district court determined that it lacked jurisdiction to grant the relief sought by McDonald, and denied the motion. It is the denial of the Motion by the district court which McDonald now appeals.

ANALYSIS

McDonald claims the district court had jurisdiction to decide his motion pursuant to Article III, § 2 of the United States Constitution. As was noted in the lower court, "Article III sets forth general principles governing the federal judiciary. Apart from vesting jurisdiction in federal courts

3

of cases arising under the Constitution or laws of the United States, U.S. Const., art. III, § 2, cl. 1, nothing in Article III has any direct relevance to this motion." [R. 934].

The federal judiciary often will liberally construe the post-judgment filings of *pro se* criminal defendants "for efficiency's sake and out of a sense of fairness to pro se petitioners." *United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999). This Court has sanctioned similar practices, noting that "[m]any pro se petitioners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief. District courts, in an effort to assist pro se litigants unaware of the applicable statutory framework, often re-characterize such filings . . . ." *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002).[1] Thus, the lower court could liberally construe McDonald's Motion, and could have attempted to fit McDonald's claims into one of several available avenues for relief to criminal defendants.

While the lower court could liberally construe McDonald's Motion, the court could not consider its merits unless the court had jurisdiction over the Motion's subject matter. "[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). The lower court correctly noted that McDonald was limited to two potential avenues by which he could pursue the Motion: 1) under the provisions of the Federal Rules of Criminal Procedure; or 2) in a

---

[1] In *In re Shelton*, this Court advised that "district courts should not recharacterize a motion purportedly made under § 2255" unless the movant is advised of the potential adverse consequences of such recharacterization (i.e. that the recharacterized petition may be his first and only chance to seek relief under § 2255). 295 F.3d at 622. However, those concerns would not be present in the instant case because, as discussed below, McDonald's motion would not be his first § 2255 motion and he would already be required to seek permission from this Court to file a successive petition.

collateral review of his conviction pursuant to 28 U.S.C. § 2255. Neither of these avenues confers jurisdiction for the lower court to have entertained McDonald's Motion.

I. The District Court Did Not Have Jurisdiction Over McDonald's Motion Pursuant to The Federal Rules of Criminal Procedure.

The Federal Rules of Criminal Procedure "govern the procedure in all criminal cases in the United States District Courts." FED. R. CRIM. P. 1(a). Accordingly, McDonald could bring his Motion pursuant to the post-conviction remedies afforded him in the Federal Rules of Criminal Procedure. Two such rules exist within the Federal Rules of Criminal Procedure for defendants to seek relief from a conviction after the jury renders a verdict: Rules 29 and 33. Neither Rule, however, would allow McDonald to challenge the admission of evidence so long after the date of his conviction.

Criminal defendants may file a "Motion for a Judgment of Acquittal" pursuant to Federal Rule of Criminal Procedure 29 after the jury in their trial renders a verdict. Such motion, however, must be made "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c)(1). Accordingly, the district court lost the power to grant such a motion in McDonald's favor in November of 1996.

Criminal defendants may also file a "Motion for New Trial" pursuant to Federal Rule of Criminal Procedure 33. Rule 33 requires such motions to be filed within certain time requirements; if based upon newly discovered evidence, the motion must be filed "within 3 years after the verdict or finding of guilty," FED. R. CRIM. P. 33(b)(1), or for any other reason, "within 7 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2). McDonald raises no argument based upon

5

newly discovered evidence, but even if he did, his right to file a Rule 33 motion terminated in November of 2000.

Accordingly, there is no avenue under the Federal Rules of Criminal Procedure by which McDonald can directly challenge his conviction. McDonald has also exhausted his direct appeals to this Court. McDonald is, therefore, left with only one possible avenue to challenge his 1996 conviction: his Congressionally-enacted right to collaterally attack the conviction under 28 U.S.C. § 2255.

II. The District Court Did Not Have Jurisdiction Over McDonald's Motion Pursuant to 22 U.S.C. § 2255.

"In its 1948 revision of the Judicial Code, Congress provided that prisoners in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct any sentence subject to collateral attack." *United States v. Hayman*, 342 U.S. 205, 207 (1952). 28 U.S.C. § 2255 codifies the English common law writ of *habeas corpus* for federal prisoners:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum allowed by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. However, federal prisoners only have the right to file one motion under § 2255; all subsequent § 2255 motions may only be filed by leave of the appropriate circuit court of appeals. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255; *see also Castro v. United States*, 540 U.S. 375, 377 (2003) (noting "restrictive conditions that federal law imposes upon a 'second or successive' (but not a first) federal habeas motion"); *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

6

The lower court correctly noted that McDonald had already filed a § 2255 motion in 2003, which the district court dismissed and the Sixth Circuit affirmed on June 9, 2004. *See McDonald v. United States*, 101 Fed.Appx. 84, 2004 WL 1303362 (6th Cir. 2004). McDonald has not sought leave from this Court pursuant to 28 U.S.C. § 2244 to file a subsequent § 2255 motion. As McDonald had already filed a previous § 2255 motion, the lower court did not have jurisdiction to entertain a second such motion without leave having been granted by this Court.

 

### III.  This Court, Pursuant to 28 U.S.C. § 2244, Could Not Grant McDonald A Second § 2255 Motion.

As suggested above, though not asked to do so here, this Court could consider granting McDonald leave to file a second § 2255 motion pursuant to 28 U.S.C. § 2244. Section 2244, however, only allows such motions to be granted under two limited circumstances:

> A claim presented in a second or successive habeas corpus application. . . that was not presented in a prior application shall be dismissed unless -
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder could have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). It is undisputed that none of the three arguments in McDonald's Motion were included within his original § 2255 Motion.

Two of the three arguments in McDonald's Motion - the statements by Jaramillo and the trial court's refusal to allow McDonald to play tapes - pertain to evidentiary rulings made by the trial

court. These arguments do not raise new facts unknown at the time of trial, as would be required under § 2244(b)(2)(B), nor do they implicate a new rule of constitutional law. As such, this Court is without power to grant a second or successive § 2255 Motion to McDonald on these grounds.

McDonald's argument with respect to the Williams Tape is based upon the Supreme Court's holding in *Crawford v. Washington*, 541 U.S. 36. Under § 2244(b)(2)(A), McDonald would be eligible for a second § 2255 motion only if *Crawford* was "made retroactive to cases on collateral review." 28 U.S.C. § 2244(b)(2)(A). As will be discussed below, the Supreme Court has held *Crawford* does not apply retroactively.

Prior to 1989, the Supreme Court applied a case-by-case approach to determining whether its criminal procedure decisions applied retroactively. *Linkletter v. Walker*, 381 U.S. 618, 629 (1965). That standard was abrogated in *Teague v. Lane*, 489 U.S. 288 (1989), where the Court endorsed a general rule of non-retroactivity for cases on collateral review. "Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. at 310.

Under the *Teague* framework, the Supreme Court held that the changes made to Confrontation Clause jurisprudence by the *Crawford* holding are not retroactively applied. *See Danforth v. Minnesota*, 128 S. Ct. 1029, 1035 (2008). The Sixth Circuit has also refused to apply *Crawford* retroactively. *See Doan v. Carter*, 548 F.3d 449, 457 (6th Cir. 2008) ("*Crawford*, as a 'newly promulgated rule [] of criminal procedure,' does not apply retroactively to cases on collateral review under the *Teague* framework."); *Adams v. Holland*, 168 Fed.Appx. 17, 20 (6th Cir. 2006). As *Crawford* may not be retroactively applied to McDonald's case, McDonald is unable to satisfy

8

the requirements of § 2244, and this Court therefore cannot grant McDonald leave to pursue another § 2255 motion.

In summary, McDonald's Motion was not filed within the time requirements for relief under the Federal Rules of Criminal Procedure. As McDonald had already filed a § 2255 motion on October 2, 2003, the district court did not have jurisdiction to consider the instant Motion. The Court also notes that any request by McDonald to file the Motion as a second or successive 28 U.S.C. § 2255 motion would fail to meet the requirements of 28 U.S.C. § 2244. As such, the Court affirms the holding of the lower court that it lacked jurisdiction to consider McDonald's "Nunc Pro Tunc Motion for Acquittal."

CONCLUSION

For these reasons, we **AFFIRM** the holding of the lower court.