NOT RECOMMENDED FOR PUBLICATION
File Name: 10a0294n.06

**FILED**
**May 14, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MELVIN E. BARHITE,                          )
                                            )
    Plaintiff-Appellant,                    )
                                            )
                                  )   ON  APPEAL  FROM  THE  UNITED
v.                                          )   STATES  DISTRICT  COURT  FOR  THE
                                            )   WESTERN DISTRICT OF MICHIGAN
PATRICIA CARUSO et al.,                     )
                                            )
    Defendants-Appellees.                   )   OPINION
                                            )
_____ )

**Before:  MOORE and GILMAN, Circuit Judges; and RUSSELL, Chief District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.**  This case arises out of the decision of prison officials to confiscate numerous photographs of scantily clad young women in provocative poses that belonged to plaintiff Melvin E. Barhite, a Michigan state prison inmate.  Barhite has been incarcerated since 2001 as a result of his convictions for various sex offenses.  Claiming that the prison officials seized his photographs because he is a Mormon, Barhite brought suit pro se under 42 U.S.C. § 1983.  He alleged that the officials' actions violated his rights under the First Amendment and under the Religious Land Use and Institutionalized Person Act (RLUIPA).  The district court sua sponte dismissed Barhite's lawsuit, pursuant to the Prison Litigation Reform Act (PLRA), for failure to state a claim.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

_____

[*]The Honorable Thomas B. Russell, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

## I. BACKGROUND

A Michigan state court sentenced Barhite on two counts of criminal sexual conduct, third-degree, and two counts of criminal sexual conduct, fourth-degree, following his convictions by a jury in July 2001. *See* Mich. Comp. Laws §§ 750.520d, 750.520e. Barhite was serving his sentence in the Lakeland Correctional Facility when, in April 2008, Texas law enforcement officials raided a ranch belonging to the Fundamentalist Church of Jesus Christ of Latter-day Saints. This raid made national news as law enforcement officers removed dozens of children from the ranch in response to reports of polygamy and sexual abuse. *See* Ralph Blumenthal, *52 Girls Are Taken From Polygamist Sect's Ranch in Texas*, N.Y. Times, Apr. 5, 2008. Barhite is a member of the Church of Jesus Christ of Latter-day Saints, a church historically related but now separate from the religious group that ran the Texas compound. Nevertheless, shortly after the raid occurred and was publicized, Barhite alleges that prison officials at Lakeland confiscated several items of his personal property, including the photographs in question. Barhite claims that, around the same time, one official who knew that he was a Mormon questioned him about the incidents in Texas. Roughly one month later, the officials at Lakeland returned his property, including the photographs, to him.

Barhite was transferred shortly thereafter to a different prison, the Gus Harrison Correctional Facility. Twice during July 2008, officials at Gus Harrison inspected Barhite's photographs, which he generally refers to as "various photos of young ladies." Following the second inspection, the officials confiscated the photographs. The official report on the incident, according to Barhite's complaint, described the items as "1 photo album containing photos of young girls in provocative poses, in swinsuits [sic], bra's [sic], panties, and only in a towel." Compl. at 12. This report also

noted that "these photos could hinder prisoners [sic] rehabilitation process." Barhite admits in his complaint that the females pictured in these photographs "range in age from 14 to 26" and acknowledges that he refused to explain to prison officials his relationship with the young women. Compl. at 15. After a hearing was held on the matter on July 25, 2008, prison officials concluded that the young women in the photographs might be the victims of Barhite's sex crimes. They therefore refused to return the items to him.

Barhite subsequently brought suit against Patricia Caruso, the Director of the Michigan Department of Corrections, the wardens of the Lakeland and Gus Harrison Correctional Facilities, and various employees at both prisons. He claimed that the defendants violated both his First Amendment right to the free exercise of religion and his rights under RLUIPA by removing the photographs from his cell because of his Mormon beliefs and, specifically, after hearing inflammatory news reports about the raid on the Texas ranch. The district court independently reviewed Barhite's complaint pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2), 1915A(b), and ultimately dismissed the pleading for failure to state a claim. This appeal followed.

## II. ANALYSIS

We review de novo a district court's decision under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) to dismiss an inmate's complaint. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The PLRA requires district courts to screen and dismiss complaints that are "frivolous or malicious," seek "monetary relief from a defendant who is immune from such relief," or fail "to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Both the district court and our own court must construe Barhite's complaint in the light most favorable to him, accepting all

of his factual allegations as true. *See Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

"Further, we hold pleadings filed by a pro se litigant to less stringent standards than formal pleadings drafted by lawyers, and may not uphold the dismissal of such a pleading simply because we find the plaintiff's allegations unlikely." *Eby*, 481 F.3d at 437 (brackets, citations, and internal quotation marks omitted). Despite the leniency afforded to Barhite as a pro se litigant, however, our standard of review requires more than the bare assertion of legal conclusions, and thus the complaint "must contain either direct or inferential allegations respecting all the material elements" to recover under some viable legal theory. *See Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## A. First Amendment claim

Barhite's primary allegation is that the prison officials violated his First Amendment right to the free exercise of religion by confiscating his photographs because of his Mormon beliefs. Under § 1983, "[a] prisoner alleging that the actions of prison officials violate his religious beliefs must show that the belief or practice asserted is religious in the person's own scheme of things and is sincerely held." *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (citation and internal quotation marks omitted). Only after a prison inmate shows a sincere belief that his or her religion requires the practice at issue does the court move on to determining whether the prison's actions restricting the practice are valid. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007) (explaining that the first requirement in a § 1983 First Amendment free-exercise claim is for the plaintiff to show that the prison's action "substantially burdened his sincerely-held religious beliefs"); *Salahuddin v.*

*Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) ("The prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs.").

In the present case, Barhite has failed to assert this initial element of his First Amendment claim because he does not allege that the photographs the prison officials seized were necessary for—or at all related to—the practice of his religion. Rather, he argues that the prison officials took the photographs simply because he is a Mormon, despite the photographs allegedly not violating any prison policy. But this contention has little to do with whether the prison officials' actions violated his right to freely exercise his religious beliefs. Because Barhite has failed to allege this threshold requirement, his First Amendment claim therefore fails.

## B.     RLUIPA claim

Barhite's remaining claim is that, by seizing the photographs, the prison officials violated RLUIPA. Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability," unless the government can show (1) that the imposition of the burden "is in furtherance of a compelling governmental interest," and (2) the burden furthers that interest by use of the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA thus requires an inmate to show that his or her religious exercise was substantially burdened. *See Cutter v. Wilkinson*, 423 F.3d 579, 583 (6th Cir. 2005). An action will be classified as a substantial burden "when that action forced an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Living Water Church of God v. Charter Twp. of*

*Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (quoting *Sherbert v. Verner*, 374 U.S. 398, 404 (1963), and *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 717-18 (1981)).

Barhite argues that the prison officials confiscated his photographs because he is a Mormon and because they were inflamed by news reports about the raid on the Texas ranch. He also insists that the photographs did not violate any prison rules. But, again, he does not allege that his possession of these photographs had anything to do with his religious beliefs. Barhite has therefore failed to satisfy the initial step needed to establish a RLUIPA claim—that the prison officials imposed a substantial burden on his religious exercise by confiscating the photographs. *See Cutter*, 423 F.3d at 583. His RLUIPA claim is thus without merit.

## C. Barhite's core contention

As explained above, Barhite's allegations do not satisfy the requirements of either a First Amendment free-exercise claim or a RLUIPA claim. His core contention instead appears to be that prison officials discriminated against him because of his religious beliefs, thereby violating his right to the equal protection of the law, not that they impeded his ability to exercise those beliefs. But even if Barhite had raised such an equal protection claim, or even if we were inclined to so recharacterize his allegations, *see United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (noting that courts may elect to recharacterize pro se filings for the benefit of the pleader), he would still have to show that "similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (citation omitted); *see also Karboau v. Purnington*, 137 F. App'x 18, 20 (9th Cir. 2005) (requiring an inmate who alleged that his possessions were confiscated

because of his religious beliefs to show that the prison officials' actions "were unrelated to legitimate penological interests").

But Barhite failed to allege that other, non-Mormon sex offenders are allowed to possess photographs of young women clad only in swimsuits, underwear, and towels. Thus, even if we were to construe Barhite's complaint as raising an equal protection claim, such a claim would have no merit.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.