RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0123p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

IN RE: CURT RUSSELL CANNAMELA,

                                    *Movant*.                    No. 23-5035

─────────────────

On Motion for Authorization to File a Second
or Successive § 2255 Motion and On Motion for Default Judgment.

United States District Court for the Middle District of Tennessee at Nashville.
Nos. 3:18-cr-00006-1; 3:22-cv-01070—Waverly D. Crenshaw Jr., Chief District Judge.

Decided and Filed:  June 12, 2023

Before:  SUTTON, Chief Judge; GILMAN and DAVIS, Circuit Judges.

─────────────────

**COUNSEL**

─────────────────

**ON APPLICATION FOR AUTHORIZATION TO FILE A SECOND OR SUCCESSIVE
§ 2255 MOTION and ON MOTION FOR DEFAULT JUDGMENT:** Curt Russell
Cannamela, Forrest City, Arkansas, pro se.  **ON RESPONSE:**  Cecil W. VanDevender,
UNITED STATES ATTORNEY'S OFFICE, Nashville, Tennessee, for the Respondent.

─────────────────

**ORDER**

─────────────────

    PER CURIAM.  Curt Russell Cannamela, a pro se federal prisoner, moves for an order
authorizing the district court to consider a second or successive motion to vacate or correct his
sentence under 28 U.S.C. § 2255.  He also moves for default judgment against the government
for its alleged untimeliness in responding to his motion.  We deny both motions.

    After the district court rejected his plea agreement in 2018, Cannamela pleaded guilty
without a plea agreement in consolidated cases.  He admitted guilt to two counts of attempting to
entice or coerce a minor to engage in criminal sexual activity, 18 U.S.C. § 2422(b), attempting to

receive child pornography, *id.* § 2252(a)(2), and attempting to distribute child pornography, *id.* The district court sentenced him to 188 months in prison. Cannamela did not appeal.

In 2022, Cannamela filed a pro se motion for resentencing in each case. The district court construed them as motions to vacate under § 2255, appointed Cannamela counsel, and gave him an opportunity to file an amended motion to vacate through counsel. Cannamela declined. The district court ultimately denied the motions.

Cannamela then filed another motion to vacate. The district court determined that it was second or successive and transferred it to this court. After the transfer, Cannamela filed a motion seeking authorization from this court to file a second or successive § 2255 motion.

One preliminary point before addressing that request. *Castro v. United States* teaches that when a court recharacterizes a pro se litigant's filing as a § 2255 motion, it must provide three things: (1) notice of recharacterization, (2) warning of the consequences, and (3) an opportunity to amend or withdraw the motion. 540 U.S. 375, 383 (2003). Otherwise, the recharacterized motion does not count toward the bar on second or successive § 2255 motions. *Id.*; *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) (per curiam). *Castro* applies only to pro se litigants, however, because its goal was "to help the *pro se* litigant understand" recharacterization. *Castro*, 540 U.S. at 384.

The court here did not run afoul of *Castro* when it construed Cannamela's original filings as § 2255 motions. The court's order provided Cannamela notice of the recharacterization and gave him an opportunity to amend his filing. The court, it is true, did not expressly warn Cannamela of the consequences of recharacterization. The court instead appointed counsel. No longer pro se, Cannamela moved beyond *Castro*'s ambit. Equally important, Cannamela had the opportunity to confer with his counsel "and mak[e] an informed judgment" about the consequences of proceeding with the motions as recharacterized. *Id.* (stressing the "practical importance" of the warnings). Following that opportunity, Cannamela, acting through counsel, decided to "stand upon his original filing." R.8 at 1 (M.D. Tenn. No. 3:22-cv-152). The recharacterized motions thus count for purposes of the bar on second or successive § 2255 motions, which no one here contests.

To proceed with today's motion, Cannamela must clear the gatekeeping hurdles for a second or successive § 2255 motion. He must show that the motion relies either on "a new rule of constitutional law" that applies retroactively on collateral review or on "newly discovered evidence" that suffices "to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h).

Cannamela comes up short. He seeks authorization to claim that (1) the district court erred by rejecting the plea agreement; (2) the prosecution subsequently failed to honor the terms of that agreement, and his counsel performed ineffectively by failing to enforce it; and (3) the court incorrectly stated in its order denying Cannamela's first habeas petition that it had accepted the plea agreement and sentenced him to 120 months in prison. As Cannamela acknowledges, these claims do not rely on a new rule of constitutional law. He instead maintains that they rely on new evidence, pointing to sentencing transcripts from 2020 that he recently obtained. But even if the transcripts from Cannamela's sentencing qualify as newly discovered evidence, they do not show his innocence or show that no reasonable factfinder would have found him guilty. *See id.* § 2255(h)(1); *see also Keith v. Bobby*, 551 F.3d 555, 557 (6th Cir. 2009).

We therefore **DENY** both the motion for default judgment and the motion for authorization to file a second or successive § 2255 motion.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk